IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN C. WARD,<br><br>Defendant. | **REPORT and RECOMMENDATION DENYING DEFENDANT'S MOTION TO EXPUNGE RECORDS**<br><br>Case No. 2:06-cr-538 CW<br><br>District Judge: Clark Waddoups<br><br>Magistrate Judge: David Nuffer |

This matter is before the court on Defendant's Motion to Expunge Records.[1] The case was referred to the magistrate judge under 28 U.S.C. § 636(b)(1).[2]

## BACKGROUND

Defendant Steven C. Ward worked for the West Valley City Police Department from 2000-2006.[3] As is evidenced by the numerous commendations Mr. Ward received, Mr. Ward was undoubtedly an outstanding police officer.[4] Unfortunately, however, Mr. Ward pled guilty on October 11, 2006 to importing a controlled substance in violation of 21 U.S.C. § 952(b), a felony.[5]

As a result of Mr. Ward's conviction of a felony, his employment as a police officer was terminated.[6] Moreover, while his case was pending, Mr. Ward worked as a

---

[1] Motion to Expunge Records, docket no. 23, filed June 3, 2009.
[2] Docket no. 31, filed August 26, 2009.
[3] Memorandum in Support of Motion to Expunge Records at 1, docket no. 24, filed June 3, 2009.
[4] *Id.* at 1-2.
[5] *Id.* at 2.
[6] *Id.* at 3.

private investigator.[7]  However, Mr. Ward's felony conviction prevented him from renewing his investigator's license when it expired on June 14, 2008.[8]  Without a valid investigator's license Mr. Ward is unable to obtain employment as an investigator.[9]  In addition, Mr. Ward has applied for numerous employment positions but has been denied because of his conviction of a felony.[10]  Accordingly, Mr. Ward has brought this motion to expunge his felony conviction.

## ANALYSIS

While the court is understanding and sympathetic of Mr. Ward's position, the court must act in accordance with the law.  The Tenth Circuit has held that, in extreme cases, federal courts may expunge a criminal conviction.[11]  However, the court may only expunge the conviction when the conviction has in some way been invalidated, such as if the conviction were unconstitutional or obtained through government misconduct.[12]

Mr. Ward has not alleged in any way that the conviction was improper.  On the contrary, Mr. Ward's sole contention is that his conviction is unjustly interfering with his efforts to obtain employment.  Because Mr. Ward does not contend that his conviction was improper, the court lacks authority to expunge his record, even though the court agrees that his conviction unfairly interferes with his work search.  The law does not provide a remedy in this instance.

---

[7] *Id.*
[8] *Id.*
[9] *Id.* at 3-4.
[10] *Id.*
[11] *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993).
[12] *Id*.

**RECOMMENDATION**

IT IS RECOMMENDED that Defendant Steven C. Ward's motion to expunge his record be DENIED.

**NOTICE TO PARTIES**

Within 10 days after being served with a copy of the magistrate judge's Recommendation, a party may serve and file specific, written objections.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  The rules provide that the district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.[13]  Failure to object may preclude further relief on appeal.

Dated this 9th  day of November, 2009.

By the Court:

_____
David Nuffer
United States Magistrate Judge

---

[13]  Fed R. Civ. P. 72(b).