IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>STEVEN C. WARD,<br><br>　　　　　　　Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION and MEMORANDUM DECISION**<br><br><br>Case No. 2:06-cr-538 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge David Nuffer |

Now before the court is Steven C. Ward's motion to expunge his felony conviction (Dkt. No. 23) and Magistrate Judge David Nuffer's Report and Recommendation recommending that the motion be denied (Dkt. No. 33).

The court has reviewed the file *de novo*. After a review of the briefing and relevant authorities, the court reluctantly agrees with Judge Nuffer's conclusion that is has no power to grant this motion. The only directly controlling precedent that was cited by either party or that could be located by the court is *United States v. Pinto*, 1 F.3d 1069 (10th Cir. 1993). In *Pinto*, the Tenth Circuit addressed the specific question of when a conviction may be expunged. *See id.* at 1069-70. The *Pinto* court pointed out that the power to expunge convictions is not statutory in nature, but "stem[s] from the inherent equitable powers of the court." *Id.* at 1070 (citation omitted.) The *Pinto* court contrasted an expungement of a conviction with that of an arrest record, the latter of which may only be expunged "in extreme circumstances." *Id.* Given this high standard for expunging an arrest record, the *Pinto* court set an even higher standard for convictions, reserving such an action for cases in which "a conviction is somehow invalidated, such as by finding that it was unconstitutional, illegal, or obtained through government

misconduct." *Id.*

As the court reads *Pinto*, if a conviction is not invalidated in those or similar circumstances, the court has no power to expunge it. *See id.* at 1070-71. And, as Judge Nuffer found, Mr. Ward has not argued or shown that his conviction has somehow been invalidated. Accordingly, the court believes it does not have the authority to grant this motion.[1]

None of the authorities Mr. Ward cites convince the court otherwise. For example, *United States v. Linn*, 513 F.2d 925, 926 (10th Cir. 1975) and *United States v. Aston*, 132 F.3d 43 *1 (10th Cir. Dec. 4 1997) (table opinion) are not on point because they apply the standard for the expungement of an arrest record, rather than a conviction. And while the court agrees that the factual circumstances here are similar to those in the case of *United States v. Williams*, 582 F. Supp. 2d 1345, 1346-47 (D. Utah 2008), the court believes that the *Williams* court improperly relied on *Linn* to dictate the standard for an expungement of a conviction.

### CONCLUSION AND ORDER

For the reasons set forth above, the Report and Recommendation is ADOPTED and Mr. Ward's motion is DENIED.

SO ORDERED this 29th day of December, 2009.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[1] Several circuit courts have considered wither the district courts have jurisdiction to grant motions for expungement in light of *Kokkenen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). The Tenth Circuit has not addressed this issue, but the circuit courts that have predominantly have found a lack of jurisdiction. *See*, *e.g.*, *United States v. Coloian*, 480 F.3d 47, 51-52 (1st Cir. 2007) (discussing cases).